**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION NO. 04-348** |
| | : | |
| **v.** | : | |
| | : | |
| **SHANTE HALL** | : | |

**MEMORANDUM OPINION**

Savage, J.                                                September 15, 2016

     In his motion filed under 28 U.S.C. § 2255, the defendant, who pled guilty to one count of possession with intent to distribute cocaine base (crack), claims he has new evidence to support his motion to dismiss the indictment which was denied. He argues that the search warrant that resulted in the seizure of evidence used to obtain an indictment that was ultimately dismissed was fraudulently obtained by a police officer who was later indicted federally. He contends that the police stopped and searched him pursuant to the warrant issued on that earlier indictment. The search yielded the drugs that led to his indictment in this case.

     Hall does not contest the validity of his guilty plea or his plea agreement. Nor does he question the appellate waiver.

     The government seeks dismissal of the motion because Hall waived his appellate rights, including the right to collaterally attack his conviction and sentence. In the alternative, the government argues that the defendant's motion is time-barred because it was filed more than one year after he discovered or should have discovered the evidence which he characterizes as "new."

     I conclude that the defendant knowingly and voluntarily waived the right to

collaterally attack his sentence, and that upholding the waiver will not result in a miscarriage of justice.  Even if there had been no valid waiver, the defendant's motion is untimely.  Therefore, we shall deny the defendant's motion.

## Procedural History

The defendant was charged in an indictment with one count of possession with intent to distribute cocaine base (crack).  He filed a motion to dismiss the indictment, claiming that he had been denied due process because the search warrant that led to his indictment in Criminal No. 04-153 had been fabricated by "dishonest government witnesses."  It was the arrest warrant arising from that indictment that formed the basis for the police to stop, search and seize the drugs that led to the indictment in this case.

After his motion was denied, the defendant entered a guilty plea.  His plea agreement contained a waiver of appellate rights, including a waiver of his right to pursue a collateral attack through a motion to vacate, set aside or modify his sentence pursuant to 28 U.S.C. § 2255.  The defendant limited his right to appeal.  He reserved the right to appeal only if the government appealed, his sentence exceeded the statutory maximum, or the sentencing judge varied or erroneously departed upward from the sentencing guideline range.  He also reserved the right to appeal the decision denying his suppression motion.

On February 28, 2007, the defendant was sentenced to 120 months imprisonment and an eight-year term of supervised release.  He did not file an appeal to the Third Circuit Court of Appeals.

On April 11, 2016, more than nine years after his conviction became final and he served his prison sentence, the defendant filed his motion under 28 U.S.C. § 2255.  The

2

government filed its response, raising the appellate waiver and the time bar.

## The Appellate Waiver

Appellate waivers are valid and enforceable if entered knowingly and voluntarily, and enforcing them will not work a miscarriage of justice. *United States v. Khattak*, 273 F.3d 557, 558 (3d Cir. 2001). A waiver of appeal includes relinquishing "the opportunity to challenge the sentence imposed, regardless of the merits." *Id*. at 561.

When a waiver has been entered knowingly and voluntarily, it must be enforced except in the unusual circumstance where an error amounts to a miscarriage of justice. *Id*. at 561-62. The exception is applied "sparingly and without undue generosity." *United States v. Wilson*, 429 F.3d 455, 458 (3d Cir. 2005) (citation omitted).

In analyzing whether an appellate waiver should be set aside to avoid a potential miscarriage of justice, the court considers a number of factors. *Khattak*, 273 F.3d at 563. Relevant factors include:

> [t]he clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result.

*Id*. (citation omitted). While noting that it chose "not to earmark specific situations," the *Khattak* court stated that these factors are offered as "some guidelines," and emphasized that the governing standard is one of a "miscarriage of justice." *Id*.

Only where the defendant claims that the waiver itself was the result of counsel's ineffectiveness will courts decline to enforce an appellate waiver. *United States v. White*, 307 F.3d 336, 344 (5th Cir. 2002); *Davila v. United States*, 258 F.3d 448, 451 (6th Cir.

3

2001); *United States v. Cockerham*, 237 F.3d 1179, 1182 (10th Cir. 2001); *DeRoo v. United States*, 223 F.3d 919, 924 (8th Cir. 2000); *United States v. Djelevic*, 161 F.3d 104, 107 (2d Cir. 1998); *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1998).   In other words, the only claim of counsel's ineffectiveness a defendant who has executed a waiver can bring is one that his attorney was ineffective in negotiating the plea agreement containing the waiver.   Thus, all other ineffectiveness contentions are precluded by the waiver.

To ensure that an appellate waiver is knowing and voluntary, the judge must inform the defendant of the plea agreement provision waiving the right to appeal or collaterally attack a sentence, and determine that the defendant understands the waiver. *Khattak*, 273 F.3d at 560.  The defendant was so advised during the guilty plea colloquy.

In his motion, the defendant does not contend that he entered the plea agreement unknowingly or that he did not understand the waiver.  Nor does he claim his attorney was ineffective in securing a plea agreement with the waiver provision.

At his guilty plea hearing, the defendant was specifically advised of his appellate rights and his right to collaterally attack his sentence by a *habeas* petition.   He acknowledged that he had those rights and was relinquishing them.  He confirmed that his decision to plead guilty was voluntary and he was pleading guilty of his own free will.  He also stated that he was satisfied with his attorney's representation.  At no time during the guilty plea colloquy or sentencing did he exhibit any reluctance to go forward or a lack of understanding of what he was giving up by pleading guilty.

Prior to accepting the plea, Judge McLaughlin found that the defendant's willingness

to enter a guilty plea was voluntary and he had a full understanding of his right to go to trial. Thus, the defendant's appellate waiver was knowing and voluntary.

Justice will not be compromised by enforcing the waiver. The defendant admitted his guilt. He does not assert his innocence.

Because the waiver was knowing and voluntary, it must be enforced. The government did not appeal the sentence, the sentence was not above the applicable sentencing guideline range and did not exceed the statutory maximum sentence. The defendant has not offered nor do I find any circumstances that would result in a miscarriage of justice by enforcing the waiver. Therefore, the waiver must be upheld.

## Statute of Limitations

A motion under section 2255 must be filed within one year of the conviction becoming final. 28 U.S.C. § 2255(f)(1). When the grounds for the claim are not known until later, the defendant has one year from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4).

This is not a new claim. It is essentially the same claim the defendant raised in his motion to dismiss the indictment at No. 04-153. In that earlier motion, he argued that the search warrant was obtained by "dishonest government witnesses." The evidence he now points to as "new" is the federal indictment of one of those "dishonest government witnesses."

Hall first made his claim that the warrant was obtained by false statements in 2005 when he filed his motion to dismiss the indictment in the earlier case. The indictment was well-publicized. The additional evidence he now relies upon was widely known through the

media when the officer's indictment was unsealed on July 30, 2014.  Yet, he did not file his motion until April 11, 2016, almost twenty months after he knew or should have known of the "new evidence" he seeks to raise.

## Conclusion

The defendant's appellate waiver was knowing and voluntary.  Enforcing it will not work a miscarriage of justice.  Even if the waiver were invalid, his § 2255 motion is untimely.  Therefore, the defendant's motion will be denied.